PEOPLE ex rel. DONNELLY v. MOSS et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

OFFICERS—DISMISSAL—UNBECOMING CONDUCT.

     A patrolman who, while on trial before the police commissioners, told his superior officer, in open court, that he lied, was guilty of conduct unbecoming an officer, and merited dismissal.

     Ingraham and O'Brien, JJ., dissenting.

Certiorari by the people, on the relation of John A. Donnelly, against Frank Moss and others, police commissioners, to review relator's dismissal. Dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Jacob Rouss, for relator.

Terence Farley, for respondents.

McLAUGHLIN, J. The relator, a member of the police force of the city of New York, was tried and found guilty of two charges: (1) Neglect of duty; (2) conduct unbecoming an officer. The specification of the first charge was that he was absent from his post during his tour of patrol duty; and the second was that when he was being tried for the first, and while his superior officer was testifying, he interrupted the proceeding by saying to his superior officer, "You lie." He was found guilty of both charges, and dismissed from the force. Whatever view may be entertained as to the first charge, we do not see how there can be any doubt as to the second. The relator admitted that he was guilty of the second charge, and we are unable to see, in view of that admission, how the conclusion of the commissioners can be seriously questioned. The admission of the relator was (and I quote from the record): "The complaint was wrong. He swore falsely, and my temper became uncontrollable, and I told him he lied, and I told the truth." The efficiency of the police force depends in no small degree upon the discipline maintained, and there can be no such thing as discipline if an inferior officer is permitted, in a judicial proceeding, to say to his superior officer, "You lie." We also think that an officer who has no better control of his temper than this is not a fit person to be intrusted with the protection of property and persons. An officer, in a judicial proceeding, who will so far forget himself as to interrupt the progress of the same by publicly declaring that his superior officer is a liar, is better out of the force than in it.

For these reasons, the writ should be dismissed, and the proceedings affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur.

INGRAHAM, J. (dissenting). The relator was charged with being absent from post; having been seen coming from the hallway of premises No. 71 Eighth avenue, at 1:45 a. m. April 7, 1897, during his tour of patrol duty. To sustain this charge, two roundsmen were called as witnesses before the commissioner. Roundsman Sullivan said that he saw the relator standing on the corner of Fourteenth street and Eighth avenue; that the relator started down Eighth avenue, on the east side, about half the length of the block; that he crossed to the west side of Eighth avenue and disappeared. The roundsman waited,—he does not say how long,—"and he came out front of me, 8 feet of the door. No possible chance for me to be mistaken." Roundsman Farrell was also sworn, and testified that he was with Sullivan at the time; that he saw the relator cross from the east to the west side of Eighth avenue; and that he saw the officer step out afterwards from the store. Roundsman Farrell, however, does not appear to have been upon the same side of the avenue as the relator. It must, I think, be conceded that this evidence was hardly sufficient to sustain a charge of this character. Neither of the witnesses testified as to the time the relator was in this store. There was nothing to show that he went there for any improper purpose, or that he was

away from the street for any appreciable time. In answer to this charge the relator swore that he saw two suspicious persons about a cab horse, and that he crossed the avenue, and stood in the shadow of the building, watching them, when the roundsman came up and asked him where he had been; that he was never in the building at any time, and that, as a matter of fact, the door in front of which he stood was locked, and it was impossible for him to get in; that he asked the roundsman to go to the doorway and see whether it was locked, and protested against the charge as being a false complaint. Roundsman Sullivan then testified that he did not try the door to see whether it was open; that he simply took the number of the building, and he could not say whether the door was open or not. Two witnesses were then called by the relator, who swore that they were engaged in business upon the premises in question; that they were the last persons to leave the building on the night in question, and locked the street door as security upon leaving; and that there was no one in the building after they left, the whole of the building being used for business purposes. And this evidence was not at all disputed. There is here the undisputed evidence of two disinterested witnesses that the door from which the roundsman thought he saw the relator appear was locked by the occupant on the night in question, and the relator could not have come out of it. The officer making the charge did not say that the door was open at the time, and there is absolutely no evidence that it was; the evidence that the door was locked being uncontradicted. I cannot understand how, in the face of this evidence, the police commissioners could find the relator guilty of the charge of being off his post.

There was also a second charge upon which the relator was tried, and upon which he also seems to have been dismissed. It would seem that upon the trial of the first charge, when Roundsman Sullivan was called as a witness, and when the roundsman stated that the relator was coming out of the hallway, the relator exclaimed, "It is false." The charge against the relator is that at that time he said to the roundsman, "You lie." Upon this is based a charge against the relator of "conduct unbecoming an officer." It would appear from the evidence before the commissioners upon the first charge that this statement that the relator did come out of the hallway was not true. The incident happened, apparently, before the witnesses were sworn, and the statement that was characterized as false was made in answer to a question asked by the commissioner. We think that such a charge was not sustained by proof that the officer, in a moment of indignation caused by what was a false charge being made against him, the consequence of which would be his dismissal from the force, exclaimed that the charge was false, and that the person making it was guilty of telling an untruth. The position in which this relator was placed was a trying one. He was accused of going through a door which was at the time locked, and his almost involuntary exclamation as to the untruth of the statement should hardly be considered as sufficient to justify a conviction of conduct unbecoming an officer, such as would justify his dismissal from the force. I do not believe that the commissioners would have found the relator guilty

of this charge if they had not determined to dismiss him upon the charge first made.

Upon the whole case, I think that this relator was unjustly dealt with, that the proof was not sufficient to justify a conviction, and that the proceeding should be annulled, and the relator reinstated.

O'BRIEN, J., concurs.